IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TRAVIS J. GUTTU,

                Petitioner,                    OPINION AND ORDER

v.

                                          21-cv-600-wmc

CHRISTOPHER BUESGEN,

                Respondent.

Travis J. Guttu, appearing *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 as well as a memorandum in support. (Dkt. ##1, 7.) He challenges a June 2010 judgment of conviction entered in Brown County Circuit Court Case No. 09CF394 for one count each of second-degree sexual assault and aggravated battery. Guttu contends that he should be allowed to withdraw his pleas and proceed to trial for three reasons: (1) his plea to aggravated battery was not knowingly entered because the trial court did not ensure that Guttu sufficiently understood the elements of that charge; (2) trial counsel Attorney Reetz was ineffective in declining to pursue a theory concerning Guttu's motive for committing battery that Guttu wanted to use to establish his innocence of sexual assault and in persuading Guttu to sign a "fraudulent" plea deal; and (3) trial counsel Attorney DeBord was ineffective in failing to raise errors in the plea documents and Guttu's lack of awareness of Wis. Stat. ch. 980 ("Chapter 980") at the time of his plea to second-degree sexual assault as grounds for pre-sentencing plea withdrawal. (Dkt. ##1 at 5, 7-8; 7 at 13-14.)

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 cases. However, the petition is untimely, and Guttu fails to make

a persuasive argument in his memorandum that he qualifies for equitable tolling or that he is actually innocent. Accordingly, the court must dismiss the petition.

OPINION

A state prisoner must file a federal habeas petition within one year of when the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). Generally, a state court judgment becomes final on the date that direct review has concluded, or on the date that the deadline for seeking direct review has expired. *Id.*

Based on the petition, memorandum, and Wisconsin state court records available online, petitioner pleaded no contest to one count of second-degree sexual assault and one count of aggravated battery on June 30, 2010. Petitioner then pursued postconviction relief, which the trial court denied on December 28, 2011. The Wisconsin Court of Appeals affirmed that decision, rejecting petitioner's arguments that he should be allowed to withdraw his plea: (1) to the sexual assault charge because Attorney DeBord was ineffective in failing to raise petitioner's alleged lack of knowledge about Chapter 980 at the time of the plea as a ground for pre-sentencing plea withdrawal; and (2) to the aggravated battery charge because the trial court allegedly failed to ensure that petitioner sufficiently understood the elements of that charge. *State v. Guttu*, 2013 WI App 1, ¶ 1, 345 Wis. 2d 398, 824 N.W.2d 928 (unpublished decision). The Wisconsin Supreme Court denied petitioner's petition for review on September 17, 2013, and he did not file a petition for certiorari in the United States Supreme Court.

Petitioner's one-year limitations period began running on December 16, 2013, 90 days after the Wisconsin Supreme Court denied review of his direct appeal. *Anderson v.*

2

*Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United State Supreme Court). Because petitioner has not filed any motions for postconviction or other collateral review since December 2013 that would have tolled his habeas clock, his limitations period expired on or about December 16, 2014, and his petition was thus over six years late when he submitted it for mailing on or about September 16, 2021.

The petition is plainly untimely, and petitioner does not argue otherwise. Although an untimely petition may be salvaged if grounds exist to equitably toll, or pause, the running of the limitations period, equitable tolling is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

In his memorandum, petitioner unpersuasively asserts that he was prevented from diligently pursuing his rights by "[e]xtraordinary circumstances." (Dkt. #7 at 4-5.) In support, he notes that he reached out to the Wisconsin Innocence Project after his direct appeal, which declined to take his case approximately a year later, but he did not pursue other postconviction relief in court until filing the petition in 2021. He argues that he could not be expected to know that he still had ways of challenging his convictions when neither his postconviction counsel nor the Wisconsin Innocence Project informed him of any additional, available steps to properly attack his convictions, and told him nothing

3

could be done. (*Id.* at 4.) However, "[l]ack of familiarity with the law . . . is not a circumstance that justifies equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013); *see also Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling"). And as for the failure of any lawyer to inform petitioner, "[a] lawyer's ineptitude does not support equitable tolling" either. *Lee v. Cook Cnty.*, 635 F.3d 969, 973 (7th Cir. 2011); *see Cosmano v. Varga*, No. 16-cv-8704, 2017 WL 11318203, at *2 (N.D. Ill, Aug. 18, 2017) (rejecting as a ground for equitable tolling the argument that petitioner's attorneys did not inform him that he could file a habeas petition or that there was a one-year deadline).

Petitioner further notes that he can only use the law library for 45 minutes 3 times a week, or 117 hours per year, and conclusorily states that this is insufficient time to research exceptions to filing and procedural bars and prepare and file a petition within the one-year deadline. (Dkt. #7 at 4-5.) But petitioner does not also assert that law library time is the only time he could work on his petition, or that he otherwise did not have access to his legal materials. Nor does petitioner assert that he ever *tried* to use the library within the limitations period to investigate or pursue postconviction remedies or before meeting the inmate who allegedly helped him prepare his "late petition." (*Id.* at 5.)

More to the point, limited law library access is a circumstance most *pro se* petitioners face, and one the Seventh Circuit has held does not per se justify equitable tolling. *See Tucker*, 538 F.3d at 734-35 (lack of legal expertise and limited access to a law library, standing alone, are not grounds for equitable tolling)*; see also Ademiju v. United States*, 999

4

F.3d 474, 478 (7th Cir. 2021) (subpar law library did not support equitable tolling of § 2255 petition); *cf. Socha v. Boughton*, 763 F.3d 674, 684-87 (7th Cir. 2014) (limited access to the law library *along with* administrative confinement, and the failure of former counsel to hand over the case file, was an extraordinary circumstance warranting equitable tolling). Here, petitioner adds that Covid-19 protocols "prevented virtually all access" to the law library "for over a year and half" (dkt. #7 at 5), which is more concerning, but the pandemic did not begin until well after petitioner's limitations period expired in 2014. In sum, petitioner has explained why he did not file a petition before September 2021, but he has not shown that "despite exercising reasonable diligence, [he] could not have learned the information he needed in order to file [a federal petition] on time." *Jones v. Hulik*, 449 F.3d 784, 789 (7th Cir. 2006).

That said, petitioner may also be able to overcome the one-year time limit by arguing for an equitable exception based on a claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "Actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To succeed, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *see also Perkins*, 569 U.S. at 327 (a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence). This is so even in a case such as petitioner's, where he was convicted pursuant to a plea. *See, e.g.*, *Bousley*, 523 U.S. at 623 (applying "actual innocence" test to case involving guilty plea); *Hanson v. Haines*, No. 13-cv-01145, 2014

5

WL 4825171, at *1-2 (E.D. Wis. Sept. 26, 2014) (discussing application of *Bousley* to § 2254 petitioner who pled no contest and dismissing petition as untimely); *cf. Taylor v. Powell*, 7 4th 920, 933 (10th Cir. 2021) (a petitioner invoking actual innocence as to a guilty plea "still has to prove his innocence of the charge to which he pleaded guilty"). This is a demanding standard, which permits review only in extraordinary cases. *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014).

Even construing petitioner's filings liberally, he does not meet this narrow, demanding exception. Indeed, petitioner does not present any new evidence, nor argue in any detail the factual record in support of his actual innocence of the crimes of conviction, beyond pointing to his conclusory assertion to the trial court that he has always maintained his innocence, and that no DNA was found on his sweatpants, and explaining a theory he wanted to present at trial to establish his innocence of sexual assault by admitting to battery, or at least by presenting evidence that could provide motive for battery. (Dkt. #7 at 2, 12-14.) Petitioner contends that he does not need to show it was more likely than not that no reasonable juror would have convicted him, because he never went to trial and is bringing a "procedural innocence" claim that his counsel was ineffective and his plea defective. (*Id.* at 1-3.) That is not correct. As noted, courts have applied the *Schlup* standard in cases involving pleas. And while the Court in *Schlup* distinguished a substantive claim of actual innocence from a procedural one, a petitioner asserting innocence as a gateway still must support that claim with exculpatory evidence. *See Schlup*, 513 U.S. at 314-16, 329 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of

justice that would allow a habeas court to reach the merits of a barred claim"); *see also Perkins*, 569 U.S. at 386-87; *Arnold v. Dittmann*, 901 F.3d 830, 836-37 (7th Cir. 2018) ("A claim of actual innocence must be both credible and founded on new evidence;" and once a petitioner satisfies the actual innocence exception, he "must show that his conviction violates the Constitution, laws, or treaties of the United States" to obtain any habeas relief). Absent a showing of actual innocence, the court must dismiss the petition.[1]

The only remaining question is whether to grant petitioner a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). For all the reasons just discussed, petitioner has not made such a showing. Therefore, a certificate of appealability will not issue.

---

[1] As for petitioner's related contention that his claims are not procedurally defaulted, the court does not reach that question.

ORDER

IT IS ORDERED that:

1) Petitioner Travis J. Guttu's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 is DISMISSED as untimely.

2) No certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered this 27th day of July, 2022.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge